UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOANNE M. MILLAY, as parent of Minor child YRM, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 7-178-B-W<br>) |
| SCHOOL UNION 92, | )<br>) |
| Defendant. | ) |

**Order for Additional Briefing**

Ms. Joanne M. Millay, as a parent, has brought a pro se complaint and motion for preliminary emergency injunction on behalf of a minor child YRM pursuant to "the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act." (Comp. ¶ 2). Even though it is apparent from the allegations in the complaint that the parties have not exhausted administrative remedies, nevertheless Millay asks this court "to order School Union # 92 to make its facility at the life skills program in the Trenton Elementary School available to YRM pending Commissioner Gendron's return to her office and the conclusion of a fair due process hearing." (Comp. ¶ 12). After an initial review of the pleadings, the United States District Court Judge has referred the "motion for preliminary emergency injunction" to me for a recommended decision.

My review of the pleadings in this case suggests to me that Millay can gain no traction in this court regarding her request for a "stay put" placement that would place her child in an entirely new program that has never been vetted by either the IEP process or through an administrative hearing and based upon her response to the motion to dismiss it appears to me that

is exactly what she is trying to do.  However, upon my own review of the case a secondary issue has arisen in my mind which has not been addressed by either side.  There is a long line of federal cases that deal with the ability of a parent to represent a child's interests in federal court actions.  Millay, who is not a licensed attorney, cannot ordinarily seek a legal remedy in a civil action on behalf of her child.  See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882 -83 (3d Cir. 1991); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 60 (2d Cir. 1990);  O'Diah v. Volkswagen of Am., Inc., No. 03-1043, 2004 WL 67331,1 (1st Cir. Jan. 14, 2004)(unpublished); Burrell v. Anderson, 353 F.Supp.2d 55, 73 (D. Me. 2005); see also Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1 (2004).   Perhaps there is contrary authority under the IDEA, of which I have no knowledge.  However, I am reluctant to allow this case to proceed based upon the current state of pleadings because it appears that Millay's chosen course of legal action is doomed to failure.  It is the child's legal rights which will be impacted by this decision.  I note in Millay's pleadings she indicates she has consulted with the Disability Rights Center which has taken legal action on behalf of YMR at the administrative level.  Perhaps she has obtained legal assistance from this group which might enter an appearance on the child's behalf in this proceeding.

In any event, I am directing the parties to simultaneously file memoranda by February 1, 2008, addressing the narrow legal issue of whether or not Joanne Millay is authorized to appear pro se on behalf of her minor daughter in legal proceedings under the IDEA in this court.  Appearing pro se as legal counsel for the minor child is, in my mind at least, different from appearing as the legal guardian ad litem on behalf of the child.  The parties may have until February 12, 2008, to respond to each other's memoranda, but no further pleadings will be allowed.  Following my receipt of their memoranda, I will determine whether further hearing is

required on the motion for emergency preliminary injunction or whether I am prepared to make a recommended decision to the United States District Court Judge.  Ms. Millay is on notice that the recommendation might include dismissal of the entire action, not just denial of the motion for emergency preliminary injunctive relief, and that if this action is ultimately dismissed by order of this court Rule 41 (a) and (b) of the Federal Rules of Civil Procedure might or might not be brought into play should another action be brought by her on behalf of YRM under any of the three statutory remedies cited in this complaint under the same set of operative facts.

*So Ordered.*

January 14, 2008                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge