UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOANNE M. MILLAY, as parent of minor child YRM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCHOOL UNION 92, )<br>)<br>Defendant. ) | Civ. No. 07-178-B-W |

**RECOMMENDED DECISION**

Joanne M. Millay, on behalf of her minor child YRM, has brought a complaint and motion for preliminary injunction against School Union 92 seeking injunctive relief that would place her daughter in an alternative educational placement prior to the completion of the administrative process now in progress. Specifically, Millay requests that this court order the School Union "to make its facility at the life skills program in the Trenton Elementary School available to YRM pending Commissioner Gendron's return to her office and the conclusion of a fair due process hearing." (Mot. for Prelim. Inj. & Compl., Doc. Nos. 1 & 3.) The School Union responded by filing a motion to dismiss (Doc. No. 6), claiming the plaintiff had failed to exhaust her administrative remedies under the IDEA and had sued the wrong party. I now recommend the court deny the motion for preliminary injunction and grant the motion to dismiss.

**Procedural Order Regarding Further Briefing**

These matters were first referred to me on January 10, 2008, for a recommended decision. Based upon my preliminary review I was confident that this recommendation would necessarily be that the action should be dismissed. However, I was concerned about the fact that Millay brought the action *pro se*, not only representing her own personal interests but also the interests of the minor child. I ordered the parties to provide supplemental briefing on the issue. The School Union provided me with very helpful supplemental authority in the form of <u>Winkelman v. Parma City School District</u>, 550 U.S. ___, 127 S. Ct. 1994, 1998-2000 (2007), and <u>Maroni v. Pemi-Baker Regional School District</u>, 346 F.3d 247 (1st Cir. 2003). Clearly in the First Circuit parents are permitted to represent their child's interest *pro se* regardless of whether they are pursuing procedural or substantive claims and no more need be said on that issue.[1]

**Factual Background**

This is the second lawsuit Millay has filed against School Union 92 in this Court in the last three months that relates to her daughter, YRM. In both lawsuits, she has claimed that the School Union has violated several federal statutes protecting the rights of disabled students. Millay voluntarily dismissed the first action, 07-CV-129, in October, only after receiving a motion to dismiss on the grounds that the Court lacked jurisdiction

---

[1] Millay used the opportunity to brief this issue to also file an additional supplemental brief on the merits of her underlying request for injunctive relief. In that unauthorized portion of the brief she raised two issues relating to the exhaustion requirement. First, she complains that the IDEA's exhaustion requirement would be "futile" in this instance and second, she complains that she has already exhausted her administrative remedies because the hearing officer ruled that federal law did not permit him to order placement in a different program other than the child's stay put placement. Even if I were to consider the arguments she raises in the unauthorized portion of the supplemental brief, it would not change the outcome of this recommended decision. The futility argument is belied by her own pleadings wherein she asserts that in the past a hearing officer found grave deficiencies in the Surry School Department's plan. While she believes dealing with the Surry School Department is futile, the hearing process may yet produce a different result. The second argument goes to the merits of the as yet unexhausted complaint.

and that Millay had not exhausted her administrative remedies and had sued the wrong party.  Plaintiff has also sued the same defendant regarding one of her other children, G.M., and that action, 07-CV-77, was voluntarily dismissed as well.

Millay alleges that her minor child, YRM, is a deaf-blind student. (Compl. ¶ 3.) She claims that YRM has not been educated properly in the past and that in the past a hearing officer has found grave deficiencies in the IEP developed in the Surry school system.  (Id.)  She concedes that she brought a prior action in this court dealing with the issues surrounding YRM's corrective action plan.  (Id. ¶ 4.)  Millay disagrees with the various school placement offers made by the Surry School Department in recent months, (id. ¶¶ 7-9), and takes issue with the fact that the Superintendent of Schools has advised her that Surry would have to comply with state law requiring notification of the Department of Health and Human Services ("DHHS") if YRM remained out of school. (See id. ¶ 5.)   She claims that the Superintendent's mention of this duty to comply with state law on reporting truancy to DHHS is "retaliatory."  (Id.) This claim of "retaliation" is now the subject of a pending administrative investigation in the federal Office for Civil Rights in Boston, Massachusetts ("OCR").   (Id.; see also Nov. 23, 2007 letter from OCR, Compl. Ex. 2.)

Millay desires that her child be educated at the Trenton Elementary School instead of at other schools where the Surry School Department has offered to place YRM for the 2007-2008 academic year. (Id. at ¶¶ 10-12.)  Millay now seeks an emergency ruling by this Court forcing School Union 92 to place YRM at the Trenton Elementary School, which she believes is the most suitable educational environment for her daughter.

(Id. ¶ 12.) The complaint clearly alleges that the due process hearing has not been concluded and that the relief is being sought outside of the administrative process. (Id.)

## Discussion

Millay wants the Court to decide whether her daughter should be enrolled in a particular school without the benefit of a due process hearing and a factual record. As the School Union points out, "[g]iven that Millay herself has changed her mind about what school would be best for her daughter in recent months, *cf.* remedy sought in 07-CV-129 (MDI school placement) with that sought in this case (Trenton school placement)," her request that this Court step out of its role as a reviewing court in this disability case is all the more troubling. Whether this motion to dismiss is analyzed under the Rule 12 (b)(6) standard, Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 33-36 (1st Cir. 2002) (applying 12(b)(6) standard on question of exhaustion of remedies under the PLRA), or under the Rule 12(b)(1) jurisdictional standard, Hope v. Cortines, 69 F.3d 687, 688 (2d Cir. 1995) (holding that the plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction, including over a related ADA claim), it is clear to me that Millay's allegations require this court to dismiss the action at this time.

It does not matter whether Millay's complaint is brought solely under the IDEA or also in conjunction with claims under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Civil Rights Act,[2] for the sole relief sought in the complaint is the placement of her child at the Trenton Elementary School, relief available to her in certain circumstances under subchapter II of the IDEA. The First Circuit has opined as follows in this sort of situation:

> If the complainant remains dissatisfied after a due process hearing, he or she may file a civil action in state or federal court. Before filing suit,

---

[2] As the School Union notes, Section 1983 of the Civil Rights Act of 1871 does not create substantive federal rights. It allows individuals to sue state actors alleging a violation of the United States Constitution or federal statutes. The predicates for Millay's "civil rights" claims appear to be the IDEA, the ADA, and Section 504 of the Rehabilitation Act, all of which require exhaustion of administrative remedies.

> however, IDEA mandates that plaintiffs exhaust administrative remedies through the due process hearing. This requirement applies even when the suit is brought pursuant to a different statute so long as the party is seeking relief that is available under subchapter II of IDEA. . . .
>
> The purpose of exhaustion is to "enable[ ] the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy."

Rose v. Yeaw, 214 F.3d 206, 210 (1st Cir. 2000) (internal citations omitted) (quoting Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1094 (1st Cir. 1989)). The complaint clearly establishes that administrative procedures have not been exhausted and this complaint was prematurely filed.

Defendant raises a second argument in support of its motion, claiming that Millay sued the wrong party. I have passed upon this issue before and agreed with the School Union. See Johnson v. Sch. Union 107, 295 F. Supp. 2d 106, 113 (D. Me. 2003); Kropp v. Me. Sch. Admin. Union 44, 2007 WL 551516, *13, 2007 U.S. Dist. LEXIS 11648, *41-*44 (D. Me. Feb. 16, 2007) (unpublished recommended decision). However, this view of the relationship between school unions and school administrative units is not universal because in at least one recent case the school union itself appealed from an administrative decision under the IDEA. Sch. Union 37 v. Ms. C, __F.3d__, 2008 WL 496716, 2008 U.S. App. LEXIS 4082 (1st Cir. Feb. 26, 2008). I would not base my recommendation to dismiss this action on the theory that Millay had sued the wrong party. At a minimum I would grant her leave to amend her complaint to add the Surry School Department as a named defendant, if it came to that.

5

**Conclusion**

Based upon the foregoing I recommend the court grant the defendant's motion to dismiss because administrative remedies have not yet been exhausted. By dismissing the complaint the motion for preliminary injunction has been effectively denied.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 11, 2008                                        /s/ Margaret J. Kravchuk
                                                      U.S. Magistrate Judge