UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOANNE M. MILLAY, as parent of minor child Y.M., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV-07-178-B-W |
| SURRY SCHOOL DEPARTMENT, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Joanne Millay moves the Court to reconsider its October 28, 2008 Order regarding Y.M.'s appropriate "stay put" educational placement pending resolution of this action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* Ms. Millay contends reconsideration is warranted because the Surry School Department submitted affidavits on the stay put issue that allegedly misrepresented Y.M.'s grade level, and Y.M. has had a birthday since entry of the stay put Order. Because the Court properly did not base the stay put Order on either Y.M.'s age or grade level, the fact that either may be different than reported in the stay put Order is an insufficient reason to reconsider that Order. The Court denies her motion.[1]

**I.   STATEMENT OF FACTS**

---

[1] With Magistrate Judge Kravchuk's guidance and assistance, the parties have made considerable progress in their efforts to resolve their differences regarding Y.M.'s educational placement. According to counsel for the Defendant, Y.M.'s Individualized Education Plan (IEP) will be implemented at Bangor High School for the 2009-2010 school year. *Def.'s Status Report Concerning IEP Mtg. About Bangor High School Placement* (Docket # 100). To the extent the parties appear to have agreed to a different stay put placement than that ordered by the Court in October 2008, there is some question whether Ms. Millay's motion for reconsideration has become moot. Because the Court retains discretion to reconsider its prior order, vacate it if appropriate, and grant Ms. Millay the relief she seeks, the Court concludes that the motion to reconsider is not moot and denies it on the merits. *Cf. Oakville Dev. Corp. v. FDIC*, 986 F.2d 611, 613 (1st Cir. 1993) (holding that a case is moot upon the inability of a court to provide effective relief in respect to the claim before it).

In the October 28, 2008 stay put Order, the Court noted in its recital of the facts that "Y.M. has advanced no further than the eighth grade for the 2008-2009 school year." *Millay v. Surry Sch. Dep't*, 584 F. Supp. 2d 219, 222 n.1 (D. Me. 2008). This summary observation was based on a review of the parties' submissions, minutes of Y.M.'s Pupil Evaluation Team (PET) meetings going back several years, and IEPs that had been implemented during those years. According to an IEP dated December 4, 2004, Y.M. was enrolled in fourth grade at Surry Elementary School in 2004, *December 4, 2004 IEP* at 1 (Docket # 42-4); the Court concluded that she was a fourth grader for the 2004-2005 school year. *Millay*, 584 F. Supp. 2d at 222. According to an IEP dated September 19, 2005, and minutes of a PET meeting held on October 24, 2005, Y.M. was enrolled in fifth grade at the Perkins School for the Blind in 2005, *September 19, 2005 IEP* at 1 (Docket # 41-6); *PET Mtg. Minutes of October 24, 2005* (Docket #41-7); the Court concluded that she was a fifth grader for the 2005-2006 school year. *Millay*, 584 F. Supp. 2d at 222. According to minutes of a PET meeting held on June 5, 2006, Y.M. was enrolled in sixth grade at Surry Elementary School in 2006, *PET Mtg. Minutes of June 5, 2006* at 2 (Docket # 41-12); the Court concluded that she was a sixth grader for the 2006-2007 school year. *Millay*, 584 F. Supp. 2d at 222. Basing the determination of grade level only on IEPs the parties actually implemented, the Court stated that Y.M. had "advanced no further than the eighth grade" by the date of the stay put Order. *Id.* The Court also noted that Y.M., who was born in 1993, was fourteen years of age. *Id.*

In her motion for reconsideration, Ms. Millay contends that Y.M. became a ninth grader on June 12, 2007, and turned fifteen after the Court issued the stay put Order. *Mot. for Reconsideration* ¶ 3 (Docket # 58) (*Pl.'s Mot.*). She argues that these facts and Surry's alleged

denials[2] of Y.M.'s true grade level require (1) the appointment of a neutral third-party to recommend a stay put placement at an area high school that would presumably bind the Court, Y.M., and Surry, (2) Court approval of a private high school of Ms. Millay's choice for which Surry would presumably be bound to pay, or (3) an Order requiring Surry to implement Y.M.'s IEP in a local public high school program. *Id.* ¶ 30; *Pl.'s Reply to Def.'s Opp'n to Mot. for Reconsideration* ¶ 31 (Docket # 64) (*Pl.'s Reply*). In response, Surry maintains that a motion for reconsideration cannot rest on arguments that the movant raised before, and that there is no authority for any measure of relief Ms. Millay seeks. *Def.'s Opp'n to Pl.'s Mot. for Reconsideration* (Docket # 61). Ms. Millay largely repeats her primary contentions in her reply and cites caselaw for the proposition that in the event a student becomes too old to remain in her then-current school, a stay put placement may include a school the student never attended. *Pl.'s Reply* ¶¶ 18-23. The gist of Ms. Millay's argument is that Y.M. is in ninth grade and because Surry is only an elementary school, which nonetheless is obligated to provide Y.M. a free appropriate public education, Surry must send Y.M. to a nearby high school pending resolution of this action, even though Y.M.'s IEP was never implemented in that high school.

## II. DISCUSSION

The Court's stay put Order was interlocutory. *Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R.*, 321 F.3d 9, 15 (1st Cir. 2003). Pursuant to Local Rule 7(g), "[a] motion to reconsider an interlocutory order of the court . . . shall demonstrate that the order was based on a manifest error of fact or law." D. Me. Loc. R. 7(g). As a threshold matter, Ms. Millay must show that the

---

[2] Ms. Millay had argued the grade level question before, *see Pl.'s Br. Regarding Proper Stay-put Placement for YRM* at 5-6 (Docket # 42), and Surry had responded that some of Y.M.'s unimplemented IEPs mistakenly indicated that she was in ninth grade, and that although the parties had discussed promoting Y.M. to ninth grade, the breakdown of IEP negotiations prevented the promotion from ever occurring. *Def.'s Mot. for Stay Put Placement* at 13 (Docket # 37); *Aff. of Melissa Beckwith* ¶¶ 4-5 (Docket # 38).

Court's stay put Order was based at least in part on Y.M.'s grade level or age or, if it was not, that it should have been. Because she cannot make either showing, her motion must fail.[3]

The stay put provision of the IDEA requires that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). In the stay put Order, the Court explained that because Y.M. had not attended school since September 2006, she had no then-current placement when Ms. Millay requested a due process hearing on November 21, 2007 pursuant to § 1415(f). *Millay*, 584 F. Supp. 2d at 229. However, the Court determined that Ms. Millay and the Maine Department of Education had agreed to opt-out of the then-current placement, and that the specifics of their agreement were included in the Department's Complaint Investigation Report, dated July 6, 2007. *Id.* at 231-32. The Court therefore ordered pursuant to § 1415(j) that "Defendant implement Y.M.'s Perkins Individual Education Plan at the Surry School in full accordance with the Corrective Action Plan that is appended to the Maine Department of Education's Complaint Investigation Report, dated July 6, 2007." *Id.* at 237. No part of this analysis was dependent on Y.M.'s grade level, and it cannot be said that the stay put Order was based on a manifest error of fact.

Nor can it be said that the stay put Order was based on a manifest error of law—that the Court should have based stay put relief on an IEP that suggested Y.M. was in ninth grade but was never implemented in fact. According to Ms. Millay, "[f]rom the last day of her attendance

---

[3] In its analysis, the Court has focused on the grade level, not Y.M.'s actual age, since Y.M.'s age cannot be a matter of debate. The fact that she has aged during the course of this protracted litigation is undeniable. It may be (and likely has been) that while the multiplicity of motions, responses, replies, orders, motions for reconsideration, objections, and new orders have been pending, Y.M. has celebrated a birthday. Like every human being, Y.M. is constantly aging; this natural fact cannot provide a basis for reconsidering a court order. To the extent the motion for reconsideration is based on the fact Y.M. passed a numerical milestone without express judicial recognition, the Court denies the motion for reconsideration.

at the Surry Elementary School to [August 21, 2008], [Y.M.] has been prevented from attending any public school life skills program in the area. No other placement has been agreed upon, and the school district has simply used its veto power to deny [Y.M.] access to all public programs and services."[4] *Pl.'s Br. Regarding Proper Stay-put Placement for YRM* at 7. However, Ms. Millay also represents that Y.M.'s IEP team advanced her to the ninth grade on June 12, 2007—a date in the middle of a two-year period during which the parties never agreed on any educational placement for Y.M. *Pl.'s Mot.* ¶ 3. The only way to reconcile these two representations is to conclude that although Y.M. may have had an IEP that indicated she was in ninth grade, the IEP had not been implemented as of the Court's resolution of the stay put issue. The Court concludes that it did not commit a manifest error of law by refusing to base the stay put Order on an IEP the parties never implemented. *See Verhoeven v. Brunswick Sch. Comm.*, 207 F.3d 1, 10 (1st Cir. 1999) (explaining that § 1415(j), the IDEA's stay put provision, "is designed to preserve the status quo" and ensure that "the student remains in the last placement that the parents and the educational authority agreed to be appropriate" (internal quotations omitted)).[5]

### III. CONCLUSION

The Court DENIES Plaintiff's Motion for Reconsideration (Docket # 58).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2009

---

[4] Ms. Millay removed Y.M. from the Surry Elementary School on September 22, 2006 and, as of the date of the stay put order, Y.M. had not attended any school program Surry had offered to her. *Aff. of Lynn Maddocks* ¶ 17 (Docket # 41).

[5] Ms. Millay cites several cases that stand generally for the proposition that a court should fashion stay put relief mindful that a child may have outgrown her then-current placement, in which case the then-current placement cannot serve as the stay put placement. *Pl.'s Reply* ¶¶ 21-22 (citing *Henry v. Sch. Admin. Unit No. 29*, 70 F. Supp. 2d 52 (D.N.H. 1999)). These cases are inapposite because the Court's stay put order was based on an agreement between Ms. Millay and the Maine Department of Education, not on Y.M.'s then-current placement.