UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOANNE M. MILLAY,<br>as Parent of Minor Child YRM,<br><br>    Plaintiff,<br><br>v.<br><br>SCHOOL UNION 92, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil No. 7-178-B-W<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S MOTION FOR
ORDER TO SUPPLEMENT THE RECORD**

Joanne M. Millay has filed a motion to supplement the record in this IDEA appeal from a hearing officer's June 20, 2008, decision regarding whether the Surry School Department offered a free appropriate public education for Millay's minor child, YRM, during the 2007-2008 school year. The crux of the dispute between the parties in the Spring and Summer of 2007 concerned the appropriate setting for YRM's education. The parties agreed to an IEP, but reached an impasse over where the program was to be implemented. Millay began this lawsuit on November 27, 2007, while the administrative hearing process remained unresolved, seeking a "stay put" order to implement the placement of her choice. After a lengthy delay, this Court ruled on October 28, 2008, that the appropriate stay put order was placement at Surry Elementary School and implementation of the IEP last implemented at Perkins School for the Blind. (See Doc. No. 53 at 1). That placement never became a reality and Millay did not allow placement of her daughter in a public school setting or any private treatment program until June 2009 when YRM was placed in her current placement at Bangor High School. Millay now wants to supplement the record with eight different documents relating primarily to YRM's

successes in her current placement and the ongoing settlement discussions between the parties. The motion is denied.

### Legal Standard

On at least two prior occasions in this case I have addressed the legal standard that applies to requests to supplement an administrative record in an IDEA appeal. (See Doc. Nos. 98 and 77.) On both occasions I have recognized the general principle set forth by Magistrate Judge Cohen in Mr. I v. Maine Sch. Admin. Dist. No. 55, No. 04-CV-165-P-H, 2004 WL 2397402, * 3, 2004 U.S. Dist. Lexis 21525, *2-3 (D. Me. Oct. 27, 2004) (collecting cases), that evidence of a child's post-hearing status might shed light on the reasonableness of the hearing officer's decision and thus could be relevant in the determination of the correctness of that decision. This theory recognizes the difficult task before the Court of determining the reasonableness of the "snapshot" of the child that was necessarily taken by the hearing officer at the time of his or her decision in the case. Roland M. v. Concord Sch. Comm., 910 F.2d 983, 992 (1st Cir. 1990). I apply that same standard to the current motion to supplement.

### Discussion

First I must note that although Ms. Millay is a *pro se* litigant she has managed to acquaint herself with a great deal of legal procedure and case law. I cannot help but wonder whether her attempt to include document number 125-8, a letter pertaining to settlement discussions between herself and counsel for the Surry School Department, was nothing more than a poorly disguised attempt to circumvent Rule 408(a) of the Federal Rules of Evidence, which prohibits the use of statements made in an attempt to compromise a claim in order to prove liability. Certainly the settlement letter can be of no assistance to the Court in determining YRM's current status and

thus has no relevance to the pending appeal. It is excluded and Ms. Millay is cautioned that these types of unpermitted filings are not to continue.

The other documents pertaining to YRM's progress at the Bangor High School program involve a closer question, but I am not persuaded that supplementing the record now with information that is over two years removed from the time when the decision under review was formulated will be of much assistance to the Court. Plaintiff's proposed remedy to address the attenuated nature of these documents, that the parties conduct depositions of those persons who authored them (see Doc. No. 127 at 4), would simply add to the delay in resolving this case. Until these appeals of the hearing officers' decisions related to both the 2007-2008 and 2008-2009 school year are resolved, the parties cannot move forward in terms of any compensatory education that might be due to YRM, if the ruling is adverse to Surry School Department in either appeal. Lengthy delay while supplementing the record with entirely new evidence does not move these matters forward. If this Court ever reaches the point where it needs to consider a remedy relating to compensatory educational programs, it might want to allow additional testimony or evidence, but it is premature to supplement the record in this case at this time. Ms. Millay herself recognized the same principle when she objected to Surry's attempt to supplement this record with the decision of the hearing officer relating to the 2008-2009 school year. Her objection was sustained, just as I am now sustaining Surry's objection to her motion.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

September 16, 2009           /s/ Margaret J. Kravchuk
                             U.S. Magistrate Judge