UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOANNE M. MILLAY, as Parent of Minor Child YRM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7-178-B-W |
| | ) | |
| SCHOOL UNION 92, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON MOTION FOR
EMERGENCY INJUNCTION (DOC. NO. 146)**

On March 2, 2010, Joanne M. Millay filed what she called a motion for emergency

injunction, asking this court to stay proceedings then scheduled by the Maine Department of

Education to commence on March 17, 2010, relating to an administrative hearing in regard to a

FAPE dispute concerning the 2006-2007 school year.  Given the time sensitive nature of the

request, I ordered shortened response and reply deadlines.   The defendant responded on March

10, 2010, and then, on March 12, 2010, filed correspondence accompanied by a copy of a ruling

from a state hearing officer effectively dismissing plaintiff's claim with respect to the 2006-2007

school year and stating Surry's position that plaintiff's emergency request to stay the proceeding

had been rendered moot because the hearing will not be held.  Ms. Millay has now filed her reply

and apparently she is in agreement with defendant's assessment:

> Plaintiff surmises that her request for emergency injunction to stay the MDOE hearing in
> regard to the 2006 and 2007 years is now inapposite because the hearing officer, though
> unable to stay the proceeding, ultimately dismissed it in deference to the final judgment of
> the Court.

> Plaintiff's Reply, Doc. No. 154, at 2.

**Discussion**

The Maine Department of Education recently instituted a new procedural rule shortening

the statute of limitations for IDEA due process complaints from 4 years to 2 years.  Prior to the effective date of this rule change, Ms. Millay filed a complaint to preserve her right to a due process hearing in connection with a special education programming dispute arising in 2006 and 2007.  Although Ms. Millay's contention that the Defendant violated the IDEA in 2006 and 2007 has already been asserted in an administrative complaint (and in this very civil action), Ms. Millay filed a new administrative complaint because the hearing officer who considered her earlier complaint dismissed it to the extent it raised matters related to the 2006 and 2007 time period.  In support of this administrative ruling the hearing officer stated that Ms. Millay was inappropriately using the due process mechanism to "enforce" the relief called for in a Complaint Investigation Report signed by the Maine Commissioner of Education.  In a Recommended Decision issued December 22, 2009, I concluded that the hearing officer's decision was erroneous and that Ms. Millay legitimately sought relief pertaining to 2006 and 2007 through the due process mechanism that she was required to exhaust in order to obtain relief in federal court. (Recommended Decision, Doc. No.  137.)  20 U.S.C. § 1415(i)(2);  Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 59 (1st Cir. 2002).  That conclusion is presently under review by the District Court.  Ms. Millay has sought to preserve her daughter's right to judicial relief apropos 2006 and 2007 because she fears that this Court might sustain the hearing officer's conclusion that her previous administrative complaint was somehow invalid as far as 2006 and 2007 are concerned and because she fears that the Maine Department of Education will not ultimately afford the relief called for in the Complaint Investigation Report.

The genesis of the current motion for injunctive relief pertains to a ruling by another hearing officer assigned to address Ms. Millay's newest due process complaint.[1]  Because the

---

[1]    Ms. Millay's latest due process complaint also concerns 2009.  That portion of her complaint is beyond the purview of this motion.

2

2006/2007 issue is presently before this Court, Ms. Millay requested a stay of administrative proceedings pending the Court's determination of the matters addressed in the Recommended Decision.  Though the request appeared eminently reasonable, as the hearing officer recognized, the hearing officer concluded that she did not have the authority to grant the requested extension of the administrative hearing because the relevant federal regulation, 20 C.F.R. § 300.515(c), authorizes a hearing officer to grant only "specific extensions" of time, not open-ended stays. She also expressed concern over her authority to bifurcate the administrative proceeding to separate out the 2006, 2007 issues, which would be highly practical under the circumstances. Nevertheless, the hearing officer recognized that a ruling from this Court could potentially render moot any further administrative proceeding related to 2006 and 2007.  (Order on Req. for Stay, Doc. No. 146-2.)   In her latest ruling the hearing officer has now granted the defendant's motion to dismiss any claims relating to the 2006/2007 school year currently on appeal in this court. (Order on Mtn. to Dismiss, Doc. No. 149-1.)

I agree with both the plaintiff and the defendant that the current motion for injunctive relief in the form of a stay of the administrative proceedings has been rendered moot in light of the hearing officer's decision not to hold a hearing on the FAPE issues raised at the administrative appeal level regarding the 2006-2007 school year.   Accordingly I recommend that the Court dismiss this motion for injunctive relief as moot.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

3

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 25, 2010