UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOANNE M. MILLAY, *as Parent of* *minor child Y.M.*, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 1:07-cv-00178-JAW |
| SURRY SCHOOL DEPARTMENT, | ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION FOR ORDER MODIFYING STAY**
AND
**ORDER RESERVING RULING ON MOTION TO EXCLUDE**
**AND RESPECTING REMEDY**

I have today issued a recommended decision in a companion case, <u>Millay v. Surry School Department</u>, 1:09-cv-411-JAW. In that recommended decision I have concluded that Hearing Officer Rebeka Smith correctly determined that the IEP and placement developed by the Surry School Department for the minor child, Y.M., for the 2008-2009 school year, was properly designed to provide a free and appropriate public education. At issue in this proceeding is an earlier time period, specifically the 2006-2007 school year and the 2007-2008 school year. This case began in November 27, 2007, and has had a litigation history too extensive to repeat here. Suffice it to say that as a result of an order issued by Chief Judge Woodcock on April 21, 2010, the issue that should remain for decision in this case pertains to fashioning a remedy for what this court found to be the Surry School Department's denial of a free appropriate public education to Y.M. commencing in the Spring of 2006 and continuing into the 2007-2008 school year. (See Doc. No. 157.) As a result of that order, I fashioned a briefing schedule on the issue

of remedy that would allow both sides to submit certain information to the Court. Briefing is now complete on the issue of remedy, but as so often has happened in the course of this case, before a decision on this issue of remedy can issue, other matters raised by the parties must be addressed.

## *Pro Se*[1] Motion for Modification of Stay-Put Order

Following an initial skirmish over the availability of injunctive relief given the procedural posture when the case was initially filed, the parties briefed the issue of the appropriate stay put placement pursuant to a scheduling order of July 22, 2008 (Doc. No. 34). In her materials, Ms. Millay argued in favor of a life-skills program in a public high school despite the fact that the proposed high school (Mount Desert Island High School) is one that Y.M. never attended. (Id.; see also Def.'s Br. in Support of Def.'s Opp'n to Pl.'s Request for Prelim. Inj., Doc. No. 37.) Then, in October 2008, and following extensive briefing by the parties on the appropriate stay put placement, the Court issued an order rejecting Ms. Millay's proposed placement. Relying on the federal statutory law, 20 U.S.C. § 1415(j), and controlling First Circuit authority as well as authority from the Fourth and Fifth Circuit Courts of Appeals, the Court ruled that Y.M.'s stay put placement should be at Surry Elementary School, with Surry being responsible for implementing the Perkins School for the Blind IEP.[2] (See Order on Pending Motions at 10-16, Doc. No. 53.) On November 10, 2008, Ms. Millay asked for reconsideration of this ruling.

---

[1] Attorney Diane Smith of the Disability Rights Center of Maine has entered her appearance on behalf of the minor child on the issue of remedy. While Local Rule 83.2(b) prohibits the entry of "limited appearances" in this Court, Ms. Smith was given leave to enter her appearance on behalf of the child in this proceeding to address this issue of remedy only. At that juncture it appeared that all that remained in this case was the fashioning of a remedy and the entry of appearance by counsel for that purpose was intended to bring the matter to a prompt resolution. Ms. Millay's litigation strategy has been to prolong this matter at all cost. Ms. Smith has not moved to withdraw from this case, although the Court did receive a somewhat cryptic message from Ms. Millay suggesting that she had discharged Ms. Smith from further representation. (See Doc. No. 181.) In any event, I consider Ms. Smith to still be counsel of record for the minor child on the issue of fashioning an appropriate remedy, notwithstanding Local Rule 83.2 and the *pro se* motion filed by Ms. Millay which is the subject of this recommended decision.

[2] Ms. Millay never accessed the stay put placement ordered by the court, although Surry School Department says it made the placement available to YRM.

2

(Doc. No. 58.) This request was denied on June 18, 2009. (Doc. No. 107.) By that time the 2008-2009 school year was past and the second round of litigation was commencing in relation to that school year and the related transition plan for summer 2008.

By the current motion, Ms. Millay is once more asking the Court to reconsider its earlier, well-reasoned decision regarding the stay put placement. The matter has been referred to me for recommended decision. Because she now seeks reconsideration of the Court's earlier stay put order, Ms. Millay bears the burden of demonstrating that the order was based on a manifest error of fact or law. D. Me. Loc. R. 7(g). Ms. Millay references no error of fact in the Court's October 2008 order. Moreover, the state of the law has not changed since the Court rejected Ms. Millay's last attempt to have her daughter educated in the high school she considers most convenient. As the statute, the First Circuit, and this Court have made clear, the stay put provision of the IDEA is designed to preserve, not alter, the *status quo* and to ensure that the student remains in the last placement that the parents and the school agreed was appropriate. (See authorities referenced in Order on Mot. for Reconsideration at 5, Doc. No. 107.) What motivates Ms. Millay to ask the Court to reconsider its order is not a change in the law, but rather that the circumstances have completely changed and an entirely new and different problem has arisen.

What is ironic in the extreme about Ms. Millay asking the Court to reconsider its stay put order is that the child never, for one moment, attended the education program specified by the Court in its stay put order. Instead, after conferencing with the Court, the parties mediated a consensual stay put agreement in lieu of the Court's stay put order. For the 2009-2010 school year Y.M. was placed at Bangor High School pursuant to this agreement. Ms Millay says that placement is now untenable, due to what she describes as "an unlawful act by Bangor assistant

special education director Patti Rappaport." (Mot. for Order at 1, Doc. No. 182.) Ms. Millay's motion recites an escalating series of events from December 2009 through May 2010 which ultimately resulted in her decision to remove Y.M. from the Bangor program. According to Ms. Millay, Surry School Department has not offered Y.M. any other placement for the 2010-2011 school year and the child remains at home without access to any educational program.

I see no way for this Court to invent from whole cloth an individualized life skills program at the public high school of Ms. Millay's choice in Hancock County that would ensure educational benefit for Y.M. The current appropriate stay put order, if the Court were inclined to modify its earlier order, would have to be the mediated Bangor High School placement. The fact that this placement, like Surry Elementary before it, has now become untenable in Ms. Millay's view does not alter that it is the status quo and the last agreed to placement. Accordingly, I recommend that the relief requested by Millay in her motion be denied.

**Order Reserving Ruling**

Originally, I had intended to issue my recommended decision on the issue of remedy for the 2006-2008 time frame at the same time as I issued the recommended decision on the hearing officer's decision for the 2008-2009 school year. I now realize that my hope of resolving these matters simultaneously is unrealistic and that the current state of affairs has deteriorated to the point that my recommended solution regarding remedy has little hope of being finally dispositive of this entire situation. That being said, in the interest of judicial economy and expediency for the parties, it makes more sense to refrain from issuing a recommended decision on the issue of remedy (and the related motion to exclude evidence) until there has been a final resolution of the merits issues raised by the 2008-2009 appeal. My recommended decision on the merits calls for no further remedy in connection with the 2008-2009 school year, but the Court has not yet

4

resolved the issue.  If the recommended decision is not accepted by the Court and some further process on remedy is required, it makes much more sense to address the issue of remedy in both cases simultaneously.  Therefore, I am reserving my recommended decision on the issue of remedy pending final resolution in this Court of the merits issue in case 1:09-cv-411.  Ms. Millay must also understand that whatever remedy this Court ultimately fashions, it is conceived as a remedy for past violations and is not intended to address the ongoing dispute regarding a current placement for Y.M., a matter beyond my expertise and beyond the scope of judicial review. Whether Ms. Millay pursues her right to another due process hearing or chooses to engage in other process concerning recent developments at Bangor High School is entirely up to her, but this Court is not the appropriate forum for that dispute at this juncture.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 8, 2010